Honorable Jno. Q. McAdams - page 2

Article 809 (the present statute) mandatorily requires the accumulation of a surplus to the amount of fifty per cent of the bank's capital stock, and specifically declares that "said surplus shall not be diminished except for the payment of losses which may occur."

It follows from this the bank would in no event -- with or without the consent of the Banking Commissioner -- be authorized to diminish an existing surplus (which does not exceed fifty per cent of its capital stock) for the purpose of increasing its capital stock.

In the next place, while Article 1, Chapter VI, of the Banking Code (not yet effective) makes some important changes in respect to surplus, it does not authorize the use of certified surplus by the bank, even with the consent of the Banking Commissioner, for the purpose of increasing the capital stock of the bank, where such surplus does not exceed the requirement of the statute.

This Article, like its predecessor, (Article 809) mandatorily requires the creation of an account to be known as surplus, a part of which may from time to time be certified, and shall be known as "Certified surplus". Unlike the parent statute, this statute requires a continuous building up of the surplus before the payment of dividends until the fund known as the certified surplus equals the capital of the bank. It furthermore specifically limits the purpose of the certified surplus to absorbing "losses in excess of undivided profits and uncertified surplus", which items are first to be used for such purpose before resort to the certified surplus.

An apparent ambiguity in the statute arises from the language, "Such certified surplus shall not be reduced without the prior written consent of the Commissioner." This ambiguity is only apparent. One can not construe the last-quoted language as authorizing the bank upon the written consent of the Commissioner, to reduce an existing certified surplus below the minimum requirement of the statute -- that is, a sum equal to the capital. That would be to destroy in effect the statute of certified surplus itself, and thus make the clause repugnant to the paramount requirement of the Legislature. Rather, we think, the discretion here given to the directors and the Banking Commissioner pertains to that part of the certified surplus

in excess of the requirements of the statute -- that is to say, in excess of the capital of the bank.

Such a construction is a reasonable and fair one, and does not lead to an absurd consequence nor thwart in any measure the clear legislative purpose to require an adequate surplus.

Trusting that what we have said will satisfactorily answer your inquiry, we are

APPROVED MAY 28, 1943

Very truly yours

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ocie Speer
Assistant

OS-MR



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN